JUDGE CARTER

**12 CIV 5384**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DWAYNE D. WALKER, JR.,<br>                    Plaintiff,<br><br>        v.<br><br>SHAWN CARTER ("JAY-Z"), DAMON<br>"DAME" DASH, KAREEM "BIGGS"<br>BURKE, UNIVERSAL MUSIC GROUP, INC.,<br>ISLAND DEF JAM MUSIC GROUP,<br>ROC-A-FELLA RECORDS, LLC,<br>                    Defendants. | Case No.: _____<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

JUL 12 2012
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff Dwayne D. Walker, Jr., by and through his counsel Gregory S. Berry, Esq., as and for his complaint against the defendants Shawn Carter (known professionally as "Jay-Z"), Damon "Dame" Dash, Kareem "Biggs" Burke, Universal Music Group ("UMG"), Island Def Jam Music Group ("IDJ"), and Roc-A-Fella Records, alleges as follows:

### NATURE OF ACTION

1.  This action for damages, declaratory relief, and permanent injunctive relief is brought by the plaintiff pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*, and common-law breach of contract.

### PARTIES

2.  Plaintiff Dwayne Walker is a natural person currently residing in Bronx, New York.

3.  Upon information and belief, defendant Shawn Carter, known professionally as "Jay-Z," is a natural person currently residing in New York, New York, and doing business in New York, New York.

4.  Upon information and belief, defendant Damon "Dame" Dash is a natural person currently residing in New York, New York, and doing business in New York, New York.

5.   Upon information and belief, defendant Kareem "Biggs" Burke is a natural person currently residing in New York, New York, and doing business in New York, New York.

6.   Upon information and belief, defendant Universal Music Group, Inc., is a Delaware corporation registered with the New York Secretary of State as a foreign business corporation.

7.   Upon information and belief, defendant Island Def Jam Music Group, a division of UMG, is a Delaware corporation, registered with the New York Secretary of State as a foreign business corporation.

8.   Upon information and belief, defendant record label Roc-A-Fella Records, LLC, is a New York limited liability company.  Upon information and belief, Roc-A-Fella Records is a subsidiary of UMG, and is distributed by IDJ.

## JURISDICTION AND VENUE

9.   This Court has subject-matter jurisdiction over the first claim in this action pursuant to 28 U.S.C. §§ 1331 & 1338 because it arises under a federal statute, the Copyright Act, 17 U.S.C. § 101 *et seq.*

10. This Court has supplemental jurisdiction over the second claim in this action pursuant to 28 U.S.C. § 1367, because it is so related to the claim within the original jurisdiction of this Court that they form part of the same case or controversy within the meaning of Article III of the United States Constitution.

11. Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. §§ 1391 & 1400.

## STATEMENT OF FACTS

12. In or around August 1995, a coworker of plaintiff Dwayne Walker's, David ("Everlast") Sierra, introduced him to defendant Damon Dash, who was a long-time friend of Sierra's.

13. Plaintiff soon thereafter began working for April Walker, owner of Walker Wear, a well-known urban clothing line. During this time, defendant Dash, along with defendants Carter and Burke, were putting together what would become Roc-A-Fella Records. As Dash and the plaintiff became better acquainted, the plaintiff accompanied and assisted Dash with several matters relating to the record label. The plaintiff assisted Dash in purchasing sewing machines with which to create samples for a Roc-A-Fella clothing line, and plaintiff was present when Roc-A-Fella first took possession of its Wall Street office. At that time, the plaintiff and Dash lived near each other, and they became close enough socially that the plaintiff was frequently a guest in Dash's apartment, and the plaintiff's girlfriend even looked after Dash's son on at least one occasion.

14. In or around November 1995, the plaintiff saw what Dash had in mind for the Roc-A-Fella logo, and told Dash he could do better. In negotiating with Dash, the plaintiff asked for 5% royalty on Roc-A-Fella revenues. Dash felt that was too high, and they eventually agreed to 2%. The plaintiff then entered into a Contract with defendants Carter, Dash, Burke, and Roc-A-Fella Records (collectively the "RAF Defendants") to create a logo for the nascent record company.

15. Under the settled terms of the Contract, the plaintiff would design a logo for the Roc-A-Fella record label and license the artwork to the RAF Defendants. Upon approval of the logo, the RAF Defendants would pay the plaintiff $3500 cash, and subsequently 2% of all revenues made from the sale of items (records, merchandise, marketing materials, other items) bearing the logo for ten years after the first year of use, payable at the end of that period.

16. In or around December 1995, the plaintiff, a United States citizen, created a work of visual art entitled "Original Roc Logo" (the "Artwork").

-3-

17. This visual Artwork is an original work that may be copyrighted under United States law.  A copy of the Artwork is attached as Exhibit A.

18. In or around December 1995, the plaintiff informed defendant Dash he had completed the Artwork.  Dash met the plaintiff in the lobby of plaintiff's apartment building and approved the design on behalf of the RAF Defendants.  However, Dash did not have the cash payment with him at that time.  Plaintiff met with Dash again at D&D Studios (where defendant Carter— Jay-Z—in the coming months would record his first hip-hop album, *Reasonable Doubt,* under the Roc-A-Fella record label, bearing a logo virtually identical to the plaintiff's Artwork).  Dash paid the plaintiff $3500, and the plaintiff delivered to Dash a hard copy of his Artwork.

19. The defendants have used the Artwork, with only slight and insignificant changes (the "Logo"), continuously since 1996 on records (*i.e.,* CDs and other sound recordings), merchandise, marketing materials, and elsewhere under the Roc-A-Fella Records label, and are still doing so today.  A printout of the Roc-A-Fella website (http://www.rocafella.com, accessed July 6, 2012) with the infringing Logo prominently displayed, is attached as Exhibit B.  (A detailed image of the infringing Logo is attached as Exhibit C.)  The Logo has become universally recognized as an iconic symbol of Jay-Z (defendant Shawn Carter), one of the most successful recording artists in the history of popular music.  (Jay-Z has had 11 number one albums to date, surpassing Elvis Presley as the solo act with the most No. 1 albums of all time.[1])

20. Since the creation of the Artwork in 1995, the plaintiff has remained the sole owner of the copyright in compliance with the copyright laws.

21. Per the Contract between the parties, the payment of the 2% royalty was due at the end of 2006.

---

[1] http://www.billboard.com/column-chartbeat/1004013732.story, accessed July 9, 2012.

22. Upon information and belief, through 2006 the defendants' sales of products bearing the Logo have been in excess of $350 million.

23. Nonetheless the defendants have failed to pay the plaintiff his contractual 2% royalty of at least $7 million.

24. The statute of limitations for breach of contract in the State of New York is six years (N.Y. C.P.L.R. § 213), so this action is timely.

25. Alternatively, the defendants infringed on the copyright by selling records and other merchandise labeled with the infringing Logo.  The defendants have infringed on the plaintiff's copyright continuously since 1996, and are still doing so today.

26. The plaintiff has notified the defendants in writing of the infringement.

27. The defendants continue to infringe the copyright by continuing to publish and sell CDs and other merchandise with the infringing Logo prominently displayed, and further have engaged in unfair trade practices and unfair competition in connection with their publication and sale of the infringing merchandise, thus causing irreparable damage.

28. In March 2010, the plaintiff applied to the copyright office and received a certificate of registration dated April 22, 2010, and identified as VAu001040257 / 2010-04-22.

## FIRST CAUSE OF ACTION
### (Copyright Infringement)

29. The plaintiff repeats and reasserts the allegations in paragraphs 1 through 28 as though fully set forth herein.

30. In or around December 1995, the plaintiff, a United States citizen, created an Artwork entitled "Original Roc Logo," which is an original work that may be copyrighted under United States law (*see* Exh. A).

31. From that time, the plaintiff has remained the sole owner of the copyright in compliance with the copyright laws.

32. The defendants acquired the Artwork directly from the plaintiff, and have infringed the copyright by publishing and selling records, merchandise, marketing materials, and other items bearing a Logo which is copied directly from the plaintiff's Artwork, with only insignificant changes (*see* Exh. C).

33. In March 2010, the plaintiff applied to the copyright office and received a certificate of registration dated April 22, 2010, and identified as VAu001040257 / 2010-04-22.

34. The plaintiff has notified the defendants in writing of the infringement.

35. The defendants continue to infringe the copyright by continuing to publish and sell items with the infringing Logo in violation of the copyright, and further have engaged in unfair trade practices and unfair competition in connection with its sale of the infringing items, thus causing irreparable damage.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

36. The plaintiff repeats and reasserts the allegations in paragraphs 1 through 35 as though fully set forth herein.

37. In or around November 1995, the plaintiff and the RAF Defendants entered into a Contract.

38. The Contract contained promises and consideration by each party to the other.

39. Pursuant to the Contract, the plaintiff agreed to design Artwork to license for use as a logo for Roc-A-Fella Records.

40. The RAF Defendants agreed, in return, to pay the plaintiff $3500 in cash, plus 2% of revenues generated by the sale of records and other items bearing the plaintiff's Artwork, due ten years after the first year of use of the Artwork.

41. The plaintiff performed his obligations under the Contract, delivering to defendant Dash the Artwork, which Dash approved on behalf of the RAF Defendants.

42. Dash paid the plaintiff $3500 in cash upon delivery of the Artwork. However, the defendants have failed to pay the 2% royalty payment that was due to the plaintiff at the end of 2006.

43. The plaintiff has been damaged by the defendants' breach of contract in an amount to be determined at trial, but not less than $7 million.

### PRAYER FOR RELIEF

**WHEREFORE,** the plaintiff respectfully demands that:

(a) until this case is decided, the defendants and the defendants' agents be enjoined from disposing of any copies of the infringing records or any other infringing merchandise by sale or otherwise;

(b) the defendants account for and pay as damages to the plaintiff all profits and advantages gained from unfair trade practices and unfair competition in selling the defendants' records and merchandise bearing the infringing Logo, and all profits and advantages gained from infringing the plaintiff's copyright (but no less than the statutory minimum where applicable);

(c) the defendants deliver for impoundment all copies of the records and other merchandise in the defendants' possession or control and deliver for destruction all infringing copies and all plates, molds, and other materials for making infringing copies;

(d) the defendants pay compensatory damages for breach of the Contract in an amount to be determined at trial, but no less than $7 million.

-7-

(e) the defendants pay the plaintiff's interest, costs, and reasonable attorney's fees; and

(f) the plaintiff be awarded any other such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury for all issues so triable in this action.

Dated: July 12, 2012
       New York, New York

Respectfully submitted,

LAW OFFICE OF GREGORY BERRY

By: _____
            Gregory S. Berry, Esq.

450 Seventh Avenue, Suite 1608
New York, New York 10123
(646) 380-8115 *phone*
(646) 514-5827 *facsimile*
gberry@gregoryberrylaw.com *e-mail*

*Attorney for Plaintiff*

-8-

# EXHIBIT A



**Original Roc Logo designed by Plaintiff Dwayne Walker**

# EXHIBIT B

rocafella website.JPG (JPEG Image, 839 × 591 pixels)     file:///C:/Documents and Settings/Gregory Berry/My Documents/Clien...

Case 1:12-cv-05384-ALC-RLE    Document 1    Filed 07/12/12    Page 12 of 14



# EXHIBIT C



**Infringing Logo used by Roc-A-Fella Records since 1996**