```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DWAYNE D. WALKER, JR.,                               :
                                                     :
                              Plaintiff,             :
                                                     :
              -against-                              :
                                                     :    1:12-cv-05384 (ALC) (RLE)
SHAWN CARTER, DAMON DASH,                            :
KAREEM BURKE, UNIVERSAL MUSIC                        :    OPINION AND ORDER
GROUP, INC., ISLAND DEF JAM MUSIC                    :
GROUP, and ROC-A-FELLA RECORDS,                      :
LLC,                                                 :
                              Defendants.            :
                                                     :
-----------------------------------------------------------------x
```

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Dwayne D. Walker, Jr. ("Plaintiff") is suing Defendants Shawn Carter, Damon Dash, Kareem Burke, Universal Music Group, Inc. ("UMG"), Island Def Jam Music Group ("Island Def Jam"), and Roc-a-Fella Records, LLC ("Roc-A-Fella") (collectively "Defendants") for breach of contract and copyright infringement. Defendants Carter, UMG, Island Def Jam, and Roc-A-Fella have moved to dismiss the copyright infringement claim, in which Defendant Dash joins.[1] (ECF Nos. 67, 70). Defendants also move to strike portions of Plaintiff's Second Amended Complaint. (ECF Nos. 67, 70). For the reasons discussed below, Defendants' Motions are DENIED.

**I. BACKGROUND**

Plaintiff works in the urban fashion industry. (Second Am. Compl. ¶¶ 14, 33, ECF No. 64). In August 1995, Plaintiff's coworker introduced him to Dash. (Second Am. Compl. ¶ 12,

---

[1] Defendant Burke is pro se and has not appeared in this action to date. This Order will, nevertheless, continue to refer to Defendants collectively.

ECF No. 64). At that time, Dash was allegedly forming a partnership with Carter and Burke to enter into the music and urban fashion industries. (Second Am. Compl. ¶ 13, ECF No. 64). This partnership eventually became Roc-A-Fella. (Second Am. Compl. ¶ 13, ECF No. 64). According to Plaintiff, he "became something of a consultant to Dash and Roc-A-Fella," such that when "[P]laintiff saw what Dash had in mind for the Roc-A-Fella logo, [he] told Dash he could do better." (Second Am. Compl. ¶¶ 13, 19, ECF No. 64).

After negotiating, the parties allegedly entered into an oral agreement for Plaintiff to design and license a logo to Roc-A-Fella in exchange $3,500 cash and "2% of all revenues made from the sale of items . . . bearing the logo for ten years after the first year of use, payable at the end of that period." (Second Am. Compl. ¶¶ 19-20, ECF No. 64). Plaintiff delivered the completed logo in December 1995. (Second Am. Compl. ¶ 22, ECF No. 64). The parties subsequently put their agreement in writing, with Dash signing on behalf of Defendants. (Second Am. Compl. ¶ 25, ECF No. 64). Soon thereafter the parties' relationship deteriorated. (Second Am. Compl. ¶ 27-32, ECF No. 64). Plaintiff applied for and received a certificate of copyright registration in 2010. (Second Am. Compl. ¶ 83, ECF No. 64). When Defendants failed to pay Plaintiff his royalty payments under the agreement, Plaintiff brought this suit for breach of contract, or in the alternative, copyright infringement. (See generally Second Am. Compl., ECF No. 64).

## II. DISCUSSION

Defendants have moved to dismiss Plaintiff's copyright claim. First, they argue, Plaintiff's copyright claim is "based on impermissible inconsistent pleading that violates" Federal Rule of Civil Procedure 11. Second, they contend, even if it is a permissible claim,

Plaintiff's claim falls to their affirmative defense of an implied license, apparent in the facts as alleged by Plaintiff. Finally, they suggest that Plaintiff's copyright infringement claim is actually a claim for copyright ownership, and is barred by the applicable statute of limitations. Defendants also move to strike what they say are impermissible legal arguments contained in Plaintiff's Second Amended Complaint.

### A. MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal if a party fails "to state a claim upon which relief can be granted." When deciding a motion to dismiss, the court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in plaintiff's favor. McCarty v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). Claims should be dismissed when a plaintiff has not pleaded enough facts that "plausibly give rise to an entitlement for relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

#### 1. Inconsistent Pleading

"It is black letter law that a complaint may plead in the alternative." Astroworks v. Astroexhibit, Inc., 257 F. Supp. 2d 609, 616 (S.D.N.Y. 2003) (emphasis removed) (citing Fed. R. Civ. P. 8(d)(2)). Of course, a plaintiff may be unable to recover on both alternative theories. Gilman v. Marsh & McLennan Co., 868 F. Supp. 2d 118, 136-37 (S.D.N.Y. 2012). In Gilman, defendants moved to dismiss plaintiff's claims for unjust enrichment and quantum meruit, pleaded as alternatives to plaintiff's breach of contract claim. Id. Defendants argued that "the existence of a valid and enforceable written contract . . . generally precludes recovery" on the theory of unjust enrichment and quantum meruit. Id. In denying defendants' motion, the court noted that they were "correct with regard to recovery," but plaintiff's claims were properly

3

pleaded in the alternative.  Id.

Similarly, Plaintiff here pleads his claims for breach of contract and copyright infringement in the alternative.  Moreover, taking Plaintiff's factual allegations as true, even if a valid contract governed the parties' dealings, it was only valid for a period of eleven years under the terms of the contract.  The complaint suggests then that Defendants' continued use of the logo upon expiration of the contract constituted copyright infringement.  As in Gilman, the issue here is one of recovery.  Plaintiff's pleading is permissible under Federal Rules of Civil Procedure 8(d) and 11.

### 2. Implied License

An implied license is established where a party "created a work at [the other's] request and handed it over, intending that [the other] copy and distribute it."  SmithKline Beecham Consumer Healthcare, L.P. v. Watson Pharms., Inc., 211 F.3d 21, 25 (2d Cir. 2000) (citation omitted).  Plaintiff's implied license argument suffers from the same defect.  Taking the facts as Plaintiff alleged them to be true, even if an implied license existed, there certainly is a question as to the scope of Plaintiff's intent.  Defendant's argument may preclude recovery at a later date, but at this stage, Plaintiff's copyright infringement claim stands.

### 3. Copyright Ownership

The facts as alleged in Plaintiff's Second Amended Complaint support Plaintiff's claim for copyright infringement.  Plaintiff unequivocally pleads ownership.  Based on these facts, the Court cannot conclude that the claim is one for copyright ownership and is therefore time-barred.

### B. MOTION TO STRIKE

Federal Rule of Civil Procedure 12(f) provides in relevant part that "the court may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The Court has examined Plaintiff's Second Amended Complaint and considered Defendants' arguments. Pursuant to its discretion, the Court denies Defendants' Motion to Strike.

### III. CONCLUSION

For the reasons discussed, Defendants' Motions are DENIED. (ECF Nos. 67, 70).

**SO ORDERED.**

Dated: September 3, 2014
New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**