UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DWAYNE WALKER, JR.,

                      Plaintiff,

- against -

SHAWN CARTER, et al.,

                      Defendant.

ORDER

12-CV-5384 (ALC)(RLE)



**RONALD L. ELLIS, United States Magistrate Judge:**

On August 25, 2014, Plaintiff Dwayne Walker filed a letter requesting a pre-motion conference to compel Defendant Shawn Carter's deposition. (Doc. No. 124.) Carter responded to this letter on August 29, 2014, and filed an Order to Show Cause with an affidavit from Carter attached. (Doc. No. 128.) In this affidavit, Carter denied having any personal knowledge or specific recollection of the contract underlying this case or the origins of the logo in dispute. A conference was held before the Court on October 28, 2014. During this conference, the Court informed the Parties that a sworn affidavit in which an affiant denies knowledge or recollection of relevant facts is, for evidentiary purposes, the equivalent of a deposition during which a deponent makes identical denials. The Court further stated that a witness who swears before trial that he has no personal knowledge of relevant facts may not avoid discovery by later claiming "sudden recollection" and testifying at trial. Because Counsel for Carter indicated a concern that an order precluding Carter from testifying at trial might be overly broad, the Court ordered Counsel for Walker and Carter to meet and confer to determine whether any relevant topic areas were left unaddressed by Carter's affidavit. Counsel were directed to then determine whether Carter would either: (1) submit an additional affidavit denying recollection or knowledge of matters in those areas; or (2) testify at trial to those matters. Any topic to which Carter intended

to testify was a topic on which Carter could be deposed by Walker. The Court reserved decision on the Parties' motions surrounding Carter's deposition at that time.

In early November, the Parties filed letters informing the Court that their attempts to identify topic areas had been unsuccessful. (Doc. Nos. 150, 151, 152.) Walker renewed his request for a pre-motion conference to compel Carter's deposition and Carter opposed this request as a "waste" of the Court's time. (*Id.*) For the following reasons, Carter is **PRECLUDED** from testifying at trial and Walker's request for a pre-motion conference to compel Carter's deposition is **DENIED**.

It is clear that, no matter how "important" or busy, all people are amenable to the Federal Rules of Civil Procedure. Anyone with knowledge of relevant facts in a case may be deposed. Carter has provided an affidavit that says he does not recall nor have any knowledge of the facts alleged in the Complaint. (Doc. No. 128-2.) To the extent that this affidavit did not address the complete scope of facts that may be relevant at trial, the Parties were given an opportunity to present unaddressed topic areas of inquiry to the Court. Instead, Walker provided Carter with a list of allegations he wanted to establish and asked whether Carter would stipulate to those allegations as facts. For example, Walker asked Carter to stipulate that "Carter continues to infringe the copyright by continuing to publish and sell items with the infringing Logo in violation of the copyright ... " (Doc. No. 150-1.) This is not a factual area of inquiry and is an improper request to stipulate as a substitute for a deposition. First, Carter may contest whether any of the Defendants would have knowledge of the facts surrounding this alleged infringement. Second, even without testifying, Carter may dispute that any copyright infringement occurred. Asking Carter to stipulate to copyright infringement and other allegations was not only overreaching, but unresponsive to the Court's Order.

Although Walker did not comply with the Court's order to identify topic areas of inquiry when he made his requests, nor did Carter. To the extent that Carter was concerned there were matters he might want to testify to at trial, it was his responsibility to provide those topic areas to the Court and to Walker, even in the face of Walker's improper requests. Carter chose not to do so. Thus, neither Party has articulated specific factual matters on which Carter may have knowledge that Carter's affidavit did not address.

**IT IS THEREFORE ORDERED** that Carter is **PRECLUDED** from testifying at trial.

**IT IS FURTHER ORDERED** that Walker's request for a pre-motion conference to compel Carter's deposition is **DENIED**.

SO ORDERED this 8th day of December 2014.
New York, New York

The Honorable Ronald L. Ellis
United States Magistrate Judge