USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-23-15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DWAYNE D. WALKER, JR.,

       Plaintiff,

  - against -

SHAWN CARTER, et al.,

       Defendants.

OPINION & ORDER

12-CV-5384 (ALC)(RLE)

**RONALD L. ELLIS, U.S.M.J.:**

### I. INTRODUCTION

Defendants UMG Recordings, Inc., The Island Def Jam Music Group, and Roc-A-Fella Records, L.L.C. ("UMG" or "UMG Defendants") seek sanctions from Plaintiff Dwayne D. Walker, Jr. ("Walker") and his counsel, Gregory Berry ("Berry"), for their refusal to produce discoverable text messages over a period of eight months. (Doc. No. 236 at 1.) UMG alleges that Walker and Berry engaged in "bad faith tactics" to withhold the text messages by: (1) raising "baseless arguments" against production; (2) misrepresenting whether the text messages existed and why they were not produced; (3) disobeying two Court orders that Berry produce the text messages; and (4) forcing UMG Defendants to engage in repeated motion practice and unnecessary means to obtain the text messages from third parties. (*Id.*) UMG brings this motion pursuant to Federal Rule of Civil Procedure 37 and 28 U.S.C. § 1927, to recover attorneys' fees and costs incurred because of Walker and Berry's conduct. (*Id.*) For the reasons stated below, Walker and Berry will be **SANCTIONED**.

### II. BACKGROUND

On April 8, 2014, UMG served Walker with requests for documents related to the alleged contract at issue, including communications with "any person concerning the alleged contract,"

any documents related to the disputed Roc-A-Fella logo, and any communications with potential witnesses. (Doc. No. 148-5.) On May 19, 2014, Walker and UMG exchanged documents, at which time Walker told UMG that he was not withholding any non-privileged documents that were responsive to UMG's requests. (Doc. No. 236-1 at 8.) On May 23, 2014, UMG emailed Walker and pointed to several documents that still had not been produced, including text messages within Walker's possession from Plaintiff's witnesses Flavius Panchon ("Panchon") and Freddie Mack ("Mack"). (*Id.*) Berry replied on May 27, 2014, stating that UMG never sent a spoliation letter requesting the preservation of Walker's text messages. (*Id.* at 7-8.) He further stated that "upon receiving this email . . . I told Walker to save his texts from now on. I will provide responsive texts to you, if any." (*Id.*) Berry confirmed that he had given UMG all non-privileged, responsive documents in his or Walker's possession on June 2, 2014. (*Id.* at 1.) On June 11, 2014, Berry emailed UMG's counsel that both Panchon and Mack had represented that they did not have any documents responsive to UMG's requests. (Doc. No. 236-2.)

UMG deposed Panchon on June 25, 2014, where he stated that he and Walker had texted about the case prior to his deposition on several occasions. (Doc. No. 236-4.) Berry then produced the text messages between Panchon and Walker on June 27, 2014. (Doc. 236-5.) UMG deposed Mack on July 3, where he stated that he searched for and found the text messages requested in the subpoena, and that he had provided the text messages to Berry before his deposition. (Doc. No. 236-6.) Berry refused to produce the text messages at the deposition, but instead stated, "I will get them to you after this." (*Id.*) Berry produced the text messages from Mack "24 hours later than [UMG] would have liked." (Doc. No. 242 at 3.)

UMG served similar demands for text messages on August 15, 2014, in the form of a subpoena on Walker's witness, David Sierra ("Sierra"). (Doc. No. 197-1.) Sierra, who was also represented by Berry, objected to the subpoena on the basis that the requests were "overly broad,

2

unduly burdensome, and vague and ambiguous, and seek documents that are not reasonably calculated to lead to the discovery of admissible evidence, or privileged or confidential." (Doc. No. 147-8.) Despite raising these objections, however, Sierra agreed to produce non-privileged documents within his possession or control related to communications. (*Id.*)

By January 20, 2015, UMG had not received the documents from Sierra, and it filed a motion to compel. The Court held a conference on February 17, 2015, and ordered Walker to produce the documents, including the text messages, at least ten days before Sierra's deposition. The Court also asked Berry why he had not produced Mack's and Panchon's text messages prior to their depositions. Berry explained that it did not occur to him that the text messages were "something that needed to be searched." (Doc. No. 236-7.)

The Parties scheduled Sierra's deposition for April 13, 2015, and the documents were due on April 3. (Doc. No. 220.) Walker, however, failed to produce the documents. The Court again ordered Walker to produce the documents related to Sierra by "close of business" April 7, or show cause why he should not be sanctioned by April 8, 2015. (*Id.*) Berry replied that he had difficulty getting in touch with Sierra prior to April 6. (Doc. No. 221.) UMG again sought Court intervention on April 9, 2015, after informing Berry that the production was incomplete. (Doc. No. 223.) That same day, Walker informed the Court that the responsive text messages had been produced. (Doc. No. 224.)

At the time of Sierra's deposition on April 13, 2015, however, Sierra stated that he had never received a subpoena. (Doc. No. 236-9.) Berry argued that it was "unreasonable" to think that Sierra would have responsive text messages, so he did not search Sierra's texts "same as they have not searched their clients' texts." (Doc. No. 242 at 2.)

3

### III. DISCUSSION

#### A. Applicable Law

UMG seeks attorneys' fees and costs for Berry's failure to comply with discovery pursuant to Federal Rules of Civil Procedure 37(a)(5)(A) and 37(b)(2)(C). UMG also seeks sanctions pursuant to 28 U.S.C. § 1927.

Under Rule 37(a)(5)(A), a court must require the Party whose conduct necessitated a motion to compel discovery, or the attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees. The court, however, must not order payment if: "the movant filed the motion before attempting in good faith to obtain . . . the discovery without court action; the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

For failing to obey a court order, Rule 37(b)(2)(C) provides that the court must order a Party, the attorney advising the Party or both to pay reasonable expenses, including attorneys' fees, unless the failure was substantially justified, or other circumstances make the award unjust. While a court has "wide discretion in imposing sanctions, including severe sanctions under Rule 37(b)(2)," *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991), "[s]trong sanctions should be imposed only for serious violations of discovery orders . . . when failure to comply with a court order is due to willfulness or bad faith, or is otherwise culpable." *Id.* at 1367.

In determining whether to impose sanctions under Rule 37 generally, courts should consider: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the prejudice to the other party; (4) the duration of the period of noncompliance; and (5) whether the non-compliant party had been warned of the consequences

4

of non-compliance." *Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 208 (S.D.N.Y. 2002), *aff'd*, 93 F. App'x 328 (2d Cir. 2004).

Section 1927 of the United States Code, Title 28, provides that "any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Before a court may impose a sanction under 28 U.S.C. § 1927, or any kind of sanction, the court must provide notice and an opportunity to be heard. *Mantell v. Chassman*, 512 F. App'x 21 (2d Cir. 2013). The notice requirement "mandates that the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense." *Id* (internal citations omitted).

### B. Sanctions Against Plaintiff's Counsel are Warranted

Having reviewed the Parties' submissions, the Court finds that sanctions against Berry are personally warranted for his conduct in failing to produce the text messages held by Mack, Panchon, and Sierra. After reassuring UMG on at least three separate occasions that he had produced all responsive documents to the April 2014 request, UMG learned of withheld documents at the depositions of Panchon and Mack. Although Berry clearly possessed both Panchon and Mack's text messages with Walker prior to their depositions on June 25 and July 3, respectively, he did not turn them over until after the conclusion of each deposition. His reasoning that he thought the text messages were not relevant is not substantially justified because the messages discussed were conversations with Walker about this action.

Berry also violated the Court Order of February 17, 2015, by failing to produce the documents held by Sierra by April 3. This violation resulted in yet another Court Order

5

compelling production of the same documents on April 7. Berry argued that he had trouble reaching Sierra until April 6, in order to justify his noncompliance. This argument, however, is unfounded. Berry still failed to produce the responsive documents by April 9, when UMG again filed a motion to compel their production. Additionally, in opposition to this motion for sanctions, Berry argued that it was unreasonable to think that Sierra had responsive text messages, although at the February 17 conference, the Court had determined that they were relevant.

By repeatedly withholding these messages over a period of six to eight months, Berry forced UMG to file two motions to compel, and seek court intervention a third time, before all messages were turned over. The Court finds that Berry has not met his burden of showing that his conduct was substantially justified, or that circumstances make an award of attorneys' fees unjust. *See* Fed. R. Civ. P. 37. The Court finds that sanctions are warranted under Rule 37. In addition, because Berry's conduct unreasonably and vexatiously multiplied proceedings over a significant period of time, sanctions are appropriate pursuant to 28 U.S.C. § 1927. As Berry received ample notice and an opportunity to be heard in response to this motion, he will be jointly and severally liable with Plaintiff for the excess costs incurred by UMG.

## IV. CONCLUSION

For the foregoing reasons, UMG's motion for sanctions is **GRANTED**. UMG shall submit to the Court with an itemized list of requested attorneys' fees and costs **on or before January 6, 2016**. Walker and Berry may respond by **January 20, 2016**.

SO ORDERED this 23rd day of December 2015.
New York, New York

The Honorable Ronald L. Ellis
United States Magistrate Judge

6