UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DWAYNE D. WALKER, JR.,

                        Plaintiff,

        - against -

SHAWN CARTER, et al.,

                      Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-29-16

OPINION & ORDER

12-CV-5384 (ALC) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

On December 23, 2015, the Court granted Defendants' motion for sanctions against Plaintiff Dwayne Walker ("Walker") and his counsel, Gregory Berry ("Berry"), for refusing to produce discoverable text messages over a period of eight months. (Doc. No. 309.) The relevant facts are set out in the Court's December 23 Opinion and Order. The Court ordered Defendants to submit an itemized list of attorneys' fees and costs incurred in seeking to compel the text messages. Defendants seek a total of $17,943 in attorneys' fees, including a maximum amount of $8,500 related to briefing the sanctions motion. (Doc. No. 310-1 at 2.) For the reasons that follow, the Court awards Defendants attorneys' fees in the amount of **$8,074.35**

## II. DISCUSSION

In determining the appropriate amount of attorneys' fees to award, the Court must calculate the "presumptively reasonable fee" by multiplying a reasonable hourly rate by the reasonable number of hours worked. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 117-18 (2d Cir. 2007), *amended on other grounds*, 522 F.3d 182 (2d Cir. 2008). A "reasonable hourly rate is the rate a paying client would be willing to pay." *McDaniel v. County of Schnectady*, 595 F.3d 411, 414 (2d Cir. 2010).

The factors relevant to this determination include: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill*, 493 F.3d at 114 n.3 (internal quotations omitted).

This Circuit has affirmed the "forum rule," whereby a district court will award fees at the going rate in the district in which the court sits. *Simmons*, 575 F.3d at 174. The burden is on the party seeking attorneys' fees to submit sufficient evidence to support the hours worked and the rates claimed. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

According to Defendants, the requested fees represent work performed by attorneys and paralegals to obtain the text messages that Walker withheld. (Doc. No. 310-1 at 1.) The work included filing two motions to compel production of the text messages, internal and external communications, appearances before the Court, and filing the sanctions motion. (*Id.* 1-2.) In total, Defendants seek $17,943 in attorneys' fees. (*Id.* at 4.) Defendants capped their fees related to briefing the sanctions motion at $8,500. (*Id.* at 2.) They argue that the "vast majority" of the $8,500 was incurred responding to Walker's opposition and "reviewing [his] improper surreply." (*Id.*)

Walker, through counsel, argues that Defendants failed to provide documentation sufficient to justify the requested attorneys' fees. (Doc. No. 312 at 1.) He contends that Defendants' handwritten numbers of the hours worked and the fees incurred appear to be "mere

2

guesses." (*Id.*) According to Walker, Defendants spent a total of 4.6 hours on work related to the sanctioned conduct. (*Id.*)

Contrary to Walker's assertions, the Court did not merely sanction counsel for his delay in turning over text messages from April 3 through April 9. (*Id.* at 2.) Counsel was sanctioned for his delay in production over a period of six to eight months, and for violating the February 17, 2015 Court order to produce the text messages. (Doc. No. 309 at 6.) Furthermore, Defendants were forced to file two motions to compel, in January 2015 and April 2015, and seek court intervention on April 7, 2015, after counsel still refused to turn over the text messages. (*Id.* at 5-6.) Therefore, the sanctionable conduct covers approximately eight months, and required Defendants to employ several avenues of relief.

### A.    Counsel's Hourly Rates

Defendants' counsel request an award of fees based on the following hourly rates:

| Cynthia Arato | Supervising Partner, Twenty-Three (23) Years of Experience | $535 |
|---|---|---|
| Jeremy Licht | Former Associate, approximately Six (6) Years of Experience | $370 (2014); $410 (2015) |
| Chetan Patil | Associate, approximately Eight (8) Years of Experience | $425 |
| Erin Millender | Staff Attorney, approximately Ten (10) Years of Experience | $200 – 225 (Staff Attorney work); $115 (Paralegal work) |

The submitted hourly rates are reasonable in light of the respective credentials and years of experience. (Doc. No. 310-1 at 3-4; 310-8; 310-9; 310-10; 310-11.) In determining whether a fee is reasonable, "the court may [also] consider rates approved in prior cases and the court's own knowledge of reasonable rates in the district." *Galeana v. Lemongrass on Broadway Corp.*, No. 10-CV-7270 (GBD) (MHD), 2014 WL 1364493, at *13 (S.D.N.Y. Apr. 4, 2014) (*citing Farbotko v. Clinton Cnty.*, 433 F.3d 204, 209 (2d Cir. 2005)). Under the "forum rule," these

3

rates are within the ranges charged by comparable firms and are in line with rates that have been approved and awarded in this District.[1]

## B.     Hours Expended by Counsel

"Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). In calculating the number of reasonable hours, the court looks to "its own familiarity with the case and its experience with the case as well as to the evidentiary submissions and arguments of the parties." *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992).

A review of counsel's billing records indicates that the hours defense counsel expended in compelling the text messages and seeking sanctions against Walker and Berry were excessive. For the purposes of awarding attorneys' fees, the Court analyzes counsel's time spent filing the initial motion to compel the text messages, attending the February 17, 2015 conference, filing a second motion to compel, seeking court intervention in April 2015, and filing this motion for sanctions. While counsel asks for fees in communicating both internally and with Berry, it is not

---

[1] *See Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*, No. 10-CV-1853 (PGG), 2011 WL 1002439, at *5-6 (S.D.N.Y. Mar. 16, 2011) (approving rate of $761 per hour for partner at Orrick, Herrington & Sutcliffe LLP with 35 years of experience); *New Earthshell Corp v. Jobookit Holdings Ltd.*, 14-CV-3602 (JMF), 2015 WL 2152681, at *1 (S.D.N.Y. 2015) (finding that a billing rate of $595 for partners is in line with rates that have been approved by courts in the Southern District); *Nautilus Neurosciences, Inc. v. Fares*, 1-CV-1078 (SAS), 2014 WL 1492481, at *2 (S.D.N.Y. 2014) (approving a rate of $603 per hour for a leading litigator at Kelley Drye & Warren LLP); *Edmons v. Seavey*, 08-CV-5646 (HP)(JCF), 2009 WL 1598794 (S.D.N.Y. 2009) (approving a rate of $600 per hour for a partner at Herrick, Feinstein LLP); *Diplomatic Man, Inc. v. Nike, Inc.*, 08-CV-0139 (GEL), 2009 WL 935674 (S.D.N.Y. 2009) (approving a rate of $650 per hour for a partner at Shook, Hardy & Bacon); *Rozell v. Ross-Hoist*, 576 F. Supp. 2d 527 (S.D.N.Y. 2008) (approving $600 per hour for a senior partner); *Therapy Prods., Inc. v. Bissoon*, 07-CV-8696 (DLC)(THK), 2010 WL 2404317, at *5 (S.D.N.Y. Mar. 31, 2010) (approving rates of $430 per hour for fourth-year associate and $295 per hour for second-year associate at Fish & Richardson P.C. as "commensurate with the rates charged by attorneys in New York"); *LV v. New York City Dept. of Educ.*, 700 F. Supp. 2d 510, 520 (S.D.N.Y. 2010) (approving rate of $225-300 per hour for first, second, and third-year associates at Milbank, Tweed, Hadley & McCloy LLP); *Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 370 (S.D.N.Y. 2005) (finding $125 per hour for paralegal/assistant time excessive, but appropriate compensation for a junior associate with three years' experience); *Lee v. Santiago*, 12-CV-2558 (PAE), 2013 WL 4830951, at *8 (S.D.N.Y. Sept. 10, 2013) (identifying $100 per hour as the typical rate for paralegal work).

clear from the records submitted which fees are routine discovery conversations, and which were a direct result of Berry's actions. The Court therefore awards Defendants fifty-five percent (55%) of their requested amount, for a total of $8,074.35.

### III. CONCLUSION

For the foregoing reasons, the Court **AWARDS** Defendants attorneys' fees in the amount of **$8,074.35.**

SO ORDERED this 29th day of August 2016.
New York, New York

*[signature]*

The Honorable Ronald L. Ellis
United States Magistrate Judge